# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR25-4042-LTS-KEM |
| vs. | |
| CHAD HOPPE, | **MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION** |
| Defendant. | |

This case is before me on a Report and Recommendation (R&R) filed by Chief United States Magistrate Judge Kelly K.E. Mahoney. Doc. 25. Judge Mahoney recommends that I grant defendant Chad Hoppe's motion (Doc. 23) to suppress evidence he claims was obtained from defective search warrants. Specifically, Hoppe contends that the warrants failed to establish a nexus between his searched home, two vehicles and phone with any illegal activity. *See generally* Doc. 23-1.

Because the motion was filed on September 22, 2025, the Government's response was due by September 29, 2025. LCrR 47. As of October 2, 2025, when Judge Mahoney filed the R&R, the Government had not filed a response. Judge Mahoney noted that under this court's Local Rules, if no timely resistance to a motion is filed, the motion may be granted without notice. Doc. 25 at 1 (citing LR 1(d) and 7(f)). She therefore recommends granting the motion and suppressing the photographs obtained from the search of Hoppe's home and vehicles and the data extracted from his cell phone. *Id*. The Government has not objected and the time for doing so has expired. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(2); LCrR 59.

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations

as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

Because the Government has not objected to the R&R, I have reviewed it for clear error. Judge Mahoney correctly applied this court's Local Rules in recommending that Hoppe's motion be granted as unresisted. In addition, I note that a defendant seeking the suppression of evidence bears an initial burden of production to establish a nexus between the alleged constitutional violation and the discovery of the challenged evidence. *United*

*States v. Hastings*, 685 F.3d 724, 728 (8th Cir. 2012).  But that "[o]nce the defendant comes forward with specific evidence demonstrating taint, the ultimate burden of persuasion to show the evidence is untainted lies with the government." *United States v. Riesselman*, 646 F.3d 1072, 1079 (citing *Alderman v. United States*, 394 U.S. 165, 183 (1969)).  Hoppe has met his initial burden and the Government, having failed to resist Hoppe's motion, has not met its ultimate burden of persuasion.  Thus, the evidence at issue must be suppressed.

For the reasons set forth herein:

1. I hereby **accept** the Report and Recommendation (Doc. 25), as modified to add that the Government has failed to meet its burden of proof with regard to the challenged evidence.

2. Hoppe's motion (Doc. 23) to suppress is **granted**.

**IT IS SO ORDERED** this 20th day of October, 2025.

_____
Leonard T. Strand
United States District Judge